IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KER'RAH CHAUN'TEL PETE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-CV-00273-MJT-CLS |
| | § | |
| HOUSTON METHODIST HOSPITAL/TEXAS MEDICAL CENTER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to United States Magistrate Judge Christine L. Stetson to conduct all pretrial proceedings. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. On June 23, 2025, Plaintiff filed a Motion for Default Judgment [Dkt. 5]. In her motion, Plaintiff claimed that she had effected service on the defendant. She provided an unsigned affidavit from "Alexandra J. Smith"[1] claiming service had been accomplished on June 10, 2025, but Defendant had not answered [Dkt. 4]. Judge Stetson scheduled a hearing on Plaintiff's motion and directed Plaintiff to bring the proof of service to the hearing. [Dkt.8]. Judge Stetson held the hearing on July 10, 2025. Plaintiff appeared in her *pro se* capacity. When questioned about attorney Alexandra Smith, Plaintiff admitted she never met Ms. Smith and that Ms. Smith did not represent her. Plaintiff then admitted that she used Artificial Intelligence to prepare the motion. Judge Stetson advised Plaintiff that the State Bar of Texas has

---

[1] Alexandra Smith's name appears on the motion for default judgment along with a Texas State Bar number.

no record of an Alexandra J. Smith from Houston with this bar number and cautioned Plaintiff about using AI to prepare legal documents as she would be held responsible for the content it creates.

Thereafter, Judge Stetson questioned Plaintiff regarding her contention in the motion for default judgment that service on Defendant had been effected on June 10, 2025, and that the clerk had issued entry of default on June 21, 2025, when the court has yet to even issue a summons in the case and the docket reveals no such entry of default by the clerk. *See* [Dkt. 9 at 2]. At the hearing, Plaintiff admitted that she had not served the Defendant and that she was not entitled to a default judgment. Judge Stetson advised Plaintiff that she would issue a report and recommendation denying the motion for default judgment. She also cautioned the Plaintiff that further filings containing false facts or AI-generated false caselaw could result in sanctions.

On August 4, 2025, Plaintiff filed a motion to compel requesting that Judge Stetson issue the promised report and recommendation on Plaintiff's Motion for Default Judgment [Dkt. 10]. Judge Stetson issued the Report and Recommendation [Dkt. 12] on August 8, 2025, with the following conclusions and recommendations: (1) Plaintiff has not met the procedural requirements for a default judgment as no summons has been issued herein, no service has been perfected, and no entry of default has been issued by the clerk of the court, (2) Plaintiff's Motion for Default Judgment [Dkt. 5] should be denied, and (3) Plaintiff's Motion to Compel Default Judgment [Dkt. 10] should be denied as moot. Judge Stetson's report also contained a caution to the Plaintiff about the use of AI and a warning that all filings must comply with FED. R. CIV. P. 11.

On August 18, 2025, Plaintiff filed her objections to the Report and Recommendation [Dkt. 13].

I. **Legal Standard**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

II. **Plaintiff's Objections are Overruled**

Plaintiff objects to the Report and Recommendation on two grounds [Dkt. 13]. First, she asserts that the recommendation to deny the default judgment is a clear error of law and is contrary to FED. R. CIV. P. 55. Second, she complains about the delay from the hearing on July 10, 2025, to the issuance of the Report and Recommendation on August 8, 2025. The Court will address each of these objections in turn.

Despite Plaintiff's admissions at the July 10, 2025 hearing that there has been no service on the Defendant and she is not entitled to a default judgment, Plaintiff's objections contend otherwise. On page 3 of her objections, she states: "The grounds are indisputable. Defendant was properly served and has failed to appear, plead, or otherwise defend this action as required by the Federal Rules" [Dkt. 13 at 3]. This statement is false, and Plaintiff is ordered to show cause as to why she should not be sanctioned for violations of FED. R. CIV. P. 11.

3

Judge Stetson's report is accurate. Defendant has not been served in this action and therefore Plaintiff is not entitled to a default judgment. Plaintiff's first objection is overruled.

Plaintiff's second objection regarding the delay in issuing the Report and Recommendation is not well-taken. The Court does not find a delay of 30 days from the hearing to the Report to be either significant or prejudicial to Plaintiff. Plaintiff also argues that the delay shows prejudice on the part of the Magistrate Judge and cites to two cases to support her argument: *Lee v. United States*, No. 1:23-cv-84, 2023 WL 2505510 (E.D. Tex. Mar. 14, 2023), and *Taylor v. United States*, No. 6:21-cv-448, 2022 WL 257007 (E.D. Tex. Jan 27, 2022). The Court cannot locate either of these cases in either the Westlaw database using the citations provided or in the Eastern District of Texas filing system. Despite the admonitions of Judge Stetson, these cases may be fake. Plaintiff has shown no such prejudice on the part of the Magistrate Judge.

As Plaintiff has not shown that the delay in issuing the Report and Recommendation was either significant or prejudicial and she has not established any bias on the part of the Magistrate Judge, Plaintiff's second objection is overruled.

### III. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiff's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff's objections [Dkt. 13] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 12] is ADOPTED. Plaintiff's Motion for Default Judgment [Dkt. 5] is DENIED. Plaintiff's Motion to Compel Default Judgment [Dkt. 10] is DENIED as moot.

Plaintiff is ORDERED TO SHOW CAUSE why she should not be sanctioned under FED. R. CIV. P. 11 for filing motions that contain false statements and/or fake caselaw. The Court

requests Judge Stetson to hold an evidentiary hearing at her earliest convenience and to thereafter issue a Report and Recommendation on this issue.

**SIGNED this 3rd day of September, 2025.**

                                                  Michael J. Truncale
                                                  United States District Judge